UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DELOACH MARINE SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 17-2970 |
| MARQUETTE TRANSPORTATION COMPANY, LLC | SECTION "R" (3) |

# ORDER AND REASONS

Before the Court are defendant Marquette Transportation Company's motion to strike plaintiff Deloach Marine Services' witness Tom Stakelum and defendant's objections to three of plaintiff's exhibits. Because defendant has not demonstrated that it is prejudiced by plaintiff's late disclosure of Tom Stakelum as a witness, the Court denies defendant's motion to exclude him. For the following reasons, the Court overrules two of defendant's objections and sustains one.

## I. BACKGROUND

This case arises out of an accident that occurred between two towing vessels and their cargo on the Mississippi River.[1] Plaintiff's vessel, the VANPORT, was pushing four barges down the river on January 26, 2016

---

[1] R. Doc. 1.

when defendant's vessel, the JUSTIN PAUL ECKSTEIN, allegedly moved into the path of the VANPORT, causing a collision.[2] Plaintiff filed a complaint on April 6, 2017 alleging negligence, unseaworthiness, and contribution.[3] Defendant denies plaintiff's allegations and has counterclaimed, *inter alia*, that the VANPORT was unseaworthy and that plaintiff was contributorily negligent.[4] Trial is set for February 11, 2019.[5] In anticipation of trial, defendant has filed one motion *in limine* and three objections.[6] Plaintiff opposes the motions.[7]

## II. DISCUSSION

### A. Motion to Exclude Tom Stakelum

Defendant argues that plaintiff's witness Stakelum should not be permitted to testify because plaintiff did not properly disclose him as a witness until the parties' proposed pretrial order.[8] The deadline to disclose

---

[2] *Id.* at 2 ¶ 4.
[3] *Id.* at 3-4 ¶¶ 7, 10.
[4] R. Doc. 5.
[5] R. Doc. 33.
[6] R. Doc. 34; R. Doc. 38.
[7] R. Doc. 47.
[8] R. Doc. 34-1 at 1.

witnesses for trial was December 28, 2018,[9] and the pretrial order was filed on January 28, 2019.[10]

"When a party fails to timely disclose information required by Federal Rule of Civil Procedure 26(a), 'the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless.'" *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting Fed. R. Civ. P. 37(c)(1)). In *Geiserman v. MacDonald*, the Fifth Circuit described four factors to determine whether "to exclude evidence that was not properly designated": (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice. 893 F.2d 787, 791 (5th Cir. 1990); *see also Hooks v. Nationwide Housing Systems, LLC*, No. 15-729, 2016 WL 3667134, at *4 (applying the *Geiserman* test to a motion *in limine*).

Defendant has not explained how it is prejudiced by plaintiff's failure to include Stakelum on its initial witness list. For instance, defendant does not say how plaintiff's decision to call Stakelum negatively impacts its

---

[9] R. Doc. 23 at 3.
[10] R. Doc. 31.

strategy or trial preparations. In addition, while plaintiff does not give a reason for its failure to identify Stakelum initially, it disclosed him as a witness before the pretrial conference. Defendant has had adequate time to adjust its arguments before trial, to the extent that such adjustments have been necessary. Finally, Stakelum's testimony serves to authenticate Rose Point navigational data that gives the positions and movements of the two vessels before the collision, information that is central to the merits of the case. The *Geiserman* factors therefore weigh against exclusion of Stakelum's testimony despite plaintiff's late disclosure.

Defendant further asserts that Stakelum is an expert witness and has not filed an expert report.[11] Plaintiff responds that it does not intend to offer Stakelum as an expert witness, nor will he offer opinions of any kind.[12] Stakelum would merely authenticate the Rose Point navigational data that plaintiff seeks to introduce as an exhibit.[13] Stakelum personally entered information into the Rose Point program to generate the depiction at issue.[14] His testimony authenticating the depiction is therefore within his personal

---

11 *Id.*
12 R. Doc. 47 at 2-3.
13 *Id.*
14 *Id.* at 2.

knowledge under Federal Rule of Evidence 602, and his lay testimony is therefore admissible.

### B. Defendant's Objections

#### 1. *Tom Stakelum Rose Point Navigational Data*

Defendant objects to the Rose Point data created by Tom Stakelum because it was not timely disclosed.[15] But defendant has not shown how this evidence is prejudicial or unexpected. Rose Point data is often admitted in cases such as this one. *See, e.g.*, *In re Settoon Towing, LLC*, No. 14-499, 2016 WL 9447753, at *2 (E.D. La. Mar. 21, 2016); *Marquette Transportation Co., LLC v. M/V Century Dream*, No. 16-522, 2017 WL 677814, at *2 (E.D. La. Feb. 21, 2017) (calling the Rose Point navigational system "the industry standard" that "automatically and objectively record[s] vessel location and movement on a proven industry standard electronic chart."). Defendant included other Rose Point data in the parties' joint bench book.[16] The underlying Rose Point data used to create this depiction was timely exchanged during discovery, and this exhibit is merely a display setting within the program that shows additional information about the water conditions and movements of the vessels. Evaluating defendant's motion

---

15     R. Doc. 38 at 1.
16     *See* Joint Exhibits 2, 4.

under the *Geiserman* factors, defendant has failed to show that this evidence is prejudicial, and the evidence has probative value as a detailed depiction of the vessels' locations leading up to the collision. The Court therefore OVERRULES the objection.

### 2. *Budwine & Associates Survey Report*

Defendant objects to records by the marine survey firm Budwine & Associates estimating damages to the VANPORT's cargo because they were not timely disclosed, and because they are hearsay.[17] Plaintiff contends that these records are not hearsay because they fall under the business records exception.[18]

The documents are not within the business records exception because they were not prepared as part of a regular business activity. Fed. R. Evid. 803(6) (record must be "kept in the course of a regularly conducted activity of a business" and making the record must be "a regular practice of that activity"). Instead, these documents appear to have been prepared in anticipation of litigation against either the owner of Deloach's cargo or the

---

[17] R. Doc. 38 at 1.
[18] R. Doc. 47 at 5. Plaintiff also argues that these documents are admissible under Federal Rule of Evidence 1006. But there is no evidence that the documents in this exhibit summarize other voluminous documents. They do not refer to other documents, and they include findings, comments, and conclusions that appear to be original to the reports submitted as evidence. They are therefore not admissible under Rule 1006.

defendant. "The absence of trustworthiness is clear . . . when a report is prepared in the anticipation of litigation because the document is not for the systematic conduct and operations of the enterprise but for the primary purpose of litigating." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 205 (4th Cir. 2000). The Fifth Circuit has noted of marine survey reports that "their objectivity is suspect because of their intended use in litigation." *Colorificio Italiano Max Meyer, S.P.A. v. S/S Hellenic Wave*, 419 F.2d 223, 225 (5th Cir. 1969). Indeed, the first page of Budwine's report certifies that the purpose of its employment by Deloach "was to ascertain the nature and extent of damages to the subject vessels that stemmed from this incident."[19] The documents are not merely part of Deloach's regularly conducted business, but instead were created for the purpose of assessing damages related to this specific accident for use in litigation or settlement.

Nor do the Budwine documents qualify as business records of Budwine & Associates, because they lack trustworthiness as documents created primarily for future litigation. *See Sinkovich, 232 F.3d at 205* ("Litigants cannot evade the trustworthiness requirement of Rule 803(6) by simply hiring an outside party to investigate an accident and then arguing that the

---

[19] Objected to Exhibit 2 at 1.

report is a business record because the investigator regularly prepares such reports as part of his business."). Because the Budwine documents were not created in the course of a regularly conducted business activity, they are inadmissible as business records. But during Mr. Budwine's testimony, he may use these documents to refresh his recollection. *See* Fed. R. Evid. 612. Defendant's objection is SUSTAINED.

### 3. Randy Bullard Email

Finally, defendant objects to an email sent by one of the marine surveyors at Budwine & Associates documenting the damage to plaintiff's vessel and cargo because it was not listed as an exhibit in plaintiff's initial exhibit list.[20] Plaintiff argues that this email was produced during discovery, and that it was included within an entry on its initial exhibit list identifying as exhibits a group of documents from Budwine & Associates.[21] Regardless of whether this exhibit was timely disclosed, it is hearsay. Plaintiff points to no applicable exception to the rule against hearsay, and the Court sees none. Plaintiff's witness from Budwine & Associates can testify to the information contained in this email rather than requiring the Court to rely on hearsay

---

[20] R. Doc. 38 at 2.
[21] R. Doc. 47 at 6.

evidence to establish these facts. Accordingly, defendant's objection is SUSTAINED.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to exclude Tom Stakelum is DENIED. Defendant's objection to Tom Stakelum's Rose Point data is OVERRULED. Defendant's objection to the Budwine documents is SUSTAINED. Defendant's objection to the Randy Bullard email is SUSTAINED.

New Orleans, Louisiana, this __8th__ day of February, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE